# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 25-26V
UNPUBLISHED

| | |
|---|---|
| DIANA DILLARD,<br><br>                     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                     Respondent. | Chief Special Master Corcoran<br><br>Filed: February 6, 2025 |

*Ronald C. Homer,* Conway, Homer, P.C., Boston, MA, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On January 8, 2025, Diana Dillard filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury from an influenza vaccine she received on January 7, 2022. ECF No. 1.

On February 5, 2025, Petitioner filed a motion for a decision dismissing the petition. ECF No. 6. For the reasons set forth below, Petitioner's motion is **GRANTED**, and this case is **DISMISSED**.

### Relevant Procedural History

Petitioner did not file any supporting documentation with the petition. The PAR Initial Order required Petitioner to file additional statutorily required documents. ECF No. 5. Subsequently, Petitioner did not file any of the required documentation.

On February 5, 2025, Petitioner filed a motion for a decision dismissing the petition stating that, "Petitioner's counsel has fully evaluated petitioner's claim, and determined that counsel is unable to continue representing petitioner in this matter."

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

ECF No. 6 ¶ 1. Counsel noted that the petition only contained boilerplate language. *Id.* at 1 n.1. Petitioner understands that dismissal of her petition would result in a judgment against her and end all her rights in the Vaccine Program. *Id.* ¶ 2.

## Grounds for Dismissal

To receive compensation under the National Vaccine Injury Compensation Program, a petitioner must prove either 1) that the vaccinee suffered an "on-Table" injury – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the listed vaccines within the applicable time frames, or 2) that the vaccinee suffered an injury not listed the Table or outside the applicable time frames, an "off-Table" injury, that was actually caused by a listed vaccine. *See* §§ 300aa—13(a)(1)(A) and 11(c)(1). Petitioner alleged an on-Table claim, i.e., that her shoulder injury was caused by the influenza vaccination.

Petitioner's counsel has declined to continue representing Petitioner with her vaccine claim, and Petitioner has requested dismissal. Moreover, Petitioner has not submitted any medical records to establish the vaccination, her injury, or other basic requirements of the Vaccine Act.

Thus, Petitioner has failed to establish entitlement to compensation in the Vaccine Program. **This case is dismissed for insufficient proof. The clerk shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."